WHALEY, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 9—December 3, 1929.*

*Vincent F. McNamara* of Montello, for the plaintiff in error.

For the defendant in error there was a brief by *K. J. Callahan,* district attorney of Marquette county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Callahan.*

CROWNHART, J. This is an appeal from a judgment of conviction of plaintiff in error, hereafter called the defendant, of a violation of sub. (2), sec. 85.085, Stats., viz.:

"No vehicle shall carry any load extending beyond the line of fenders on the left side of such vehicle nor extending more than six inches beyond the line of fender on the right side thereof."

The word "vehicle" is defined as follows:

"85.18 (1) (a) *'Vehicle.'* Every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks."

The defendant borrowed a one-ton Ford truck from a neighbor and loaded a boat thereon in such manner that it extended beyond the fender line of the right side more than six inches, but the over-all width of the truck and load was not shown to exceed eight feet.

Sub. (4), sec. 85.18, provides:

"No motor truck, tractor, trailer, semitrailer or wagon except when loaded with loose hay or straw or similar material, shall be operated on any highway or street when the over-all dimensions exceed eight feet in width, including load, or thirty-three feet in length, including load, except under a special permit."

Sub. (4a), sec. 85.18, provides:

"No vehicle shall exceed a total outside width including load thereon of eight feet, except that the width of a farm tractor shall not exceed nine feet, and excepting further that the limitations as to the size of vehicles stated in this section shall not apply to implements of husbandry temporarily propelled or moved upon the public highway, except under special permits issued in accordance with subsection (6) of this section."

It is the contention of the defendant that these sections of the statutes are to be construed together to ascertain the

legislative intent, and, being penal statutes, they should be strictly construed. His contention is that sub. (2), sec. 85.085, by the use of the word *vehicle* therein, is not intended to include a *truck*, as used in sub. (4), sec. 85.18. In so construing the statute he brings to his aid sec. 370.02 of the Statutes, to the effect that where there are conflicting provisions found in different sections of the statutes, the section last in numerical order shall prevail.

The first question presented is whether or not there is any conflict in the statutes.

Sub. (2), sec. 85.085, clearly is intended to prevent the load on the right side from extending more than six inches beyond the line of the vehicle, or beyond the line of the vehicle on the left side.

Sub. (4), sec. 85.18, is intended to limit the width of the vehicle, including load, to eight feet. This was no doubt intended to make passing of vehicles on the ordinary highway reasonably safe and convenient. The danger from objects protruding out from the body of a vehicle, under conditions of modern travel, is obvious, and it is such danger that sub. (2), sec. 85.085, of the Statutes is intended to obviate.

Sub. (4a), sec. 85.18, deals in part with the same subject as sub. (4), sec. 85.18, but there is no conflict between the two sections.

Undoubtedly the law as written in these three sections might have been simplified and clarified, but we find no difficulty in reconciling the different provisions in harmony, having in mind their general purpose. The statutes have been so amended by ch. 454, Laws of 1929, as to express such general purpose more clearly.

The evidence in the case, on behalf of the State, discloses that the defendant loaded a boat upon a truck, the platform of the truck extending slightly beyond the fenders

of the vehicle, but the boat was so loaded that a portion thereof extended beyond the line of the platform and fenders of the truck on the right side some considerable distance in excess of six inches, so that as it was carried on the truck along the highway it struck and injured a man standing at the right side of the highway more than six inches away from the body of the truck.

The case was submitted to the court without a jury, and the court found the defendant guilty as charged. From a careful review of the evidence we are satisfied that the finding of the court is well sustained.

Counsel for the defendant further contends that the section of the statute under which he was convicted has been repealed by ch. 454, Laws of 1929, without a saving clause, and that the repeal operates as a pardon of the offense, citing 23 L. R. A. N. S. 243 and note. However, counsel overlooked sec. 370.04, Stats., which is a general saving clause as to all actions, civil and criminal, against his contention.

*By the Court.*—The judgment of the circuit court is affirmed.